## R. A. BARNWELL v. THE STATE.

1. JOINDER OF OFFENSES IN THE SAME INDICTMENT.—Two or more offenses of the same character may be joined in one indictment, provided each be charged in a separate count; as, in the present case, the forgery of a note, and the knowingly passing as true a forged note or other written instrument.

2. FORGERY—EVIDENCE.—If the utterer of a forged note, made payable to himself, represents the maker as at a particular place, and engaged in a particular business, evidence that it is not that person's note is sufficient *prima facie* proof of the forgery.

3. VENUE.—See evidence held sufficient to prove the venue of the offense.

APPEAL from the District Court of Hill. Tried below before the Hon. D. M. PENDERGAST.

The forged instrument purported to be a note for $15, dated August 16, and payable September 1, 1876, to R. A. Barnwell or bearer, subscribed J. W. Griffin. It contained a clause to the effect that a bay mule, with a delineated brand, was collateral security for payment of the note.

P. F. Hufham, for the state, testified that the accused passed the note to him in settlement of a board bill, and told witness that Griffin, the maker, lived on the Hillsboro road, on the school land, in Hill county; that Griffin's mother lived with Griffin, and was very old and hard of hearing; that Griffin gave the note for boot money in a swap of a mare for defendant's mule.

W. C. Griffing, for the state, testified that he had never

made the note and knew nothing of it; that he lived on the school lands in Hill county, and was tolerably well acquainted with the other settlers thereon, but did not know of any J. W. Griffin; that he knew the accused, who gave his name as R. A. Poer, when witness first saw him; that on the 16th of August, 1876, he swapped a mare to the accused for a bay mule bearing the same brand delineated in the note; that witness' mother was old and hard of hearing, and lived with witness.

Mrs. Wright, for the state, testified that she lived in Hill county, and that on or about the 16th of August, 1876, the accused was at her house, and asked for a pen and ink, and saw him write on a leaf from a blank book, but did not know what he wrote.

The statement of facts alleges that "the note showed that the same had been written with blue ink, and on a leaf out of some blank book."

*Jo. Abbott*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, Presiding Judge.    At the December term, 1876, of the district court of Hill county the defendant was tried and convicted of forgery, and his punishment assessed at four years' confinement in the penitentiary. He filed a motion for a new trial, which was overruled. He then filed a motion in arrest of judgment, which was also overruled, to which he excepted, and gave notice of an appeal to this court.

The errors assigned are substantially those set forth in his motion in arrest of judgment and in his motion for new trial. The grounds set out in his motion in arrest are as follows:

" 1st. Because the indictment does not charge the defend-- ant with any offense known to the penal law of the state.

" 2d. Because the indictment is vague, uncertain, and indefinite."

The court did not err in overruling said motions. The indictment charged the defendant with the offense of forgery, and also with the offense of knowingly passing as true the forged note or instrument in writing, a copy of which is set out in the indictment. The objection to the indictment is not well taken. Each offense is set out in the indictment substantially in the language of the statute in defining the offense, and the indictment contains all the material and. necessary allegations.

The fact that it charges the two distinct offenses named constitutes no good objection to it. Mr. Wharton, in his 1st volume on American Criminal Law, section 414, lays down the correct rule, as follows: "A defendant, as has already been seen, cannot generally be charged with two distinct offenses in a single count. How far, however, he may be charged with distinct offenses in different counts in the same indictment has received more varied adjudications. Offenses, it is held, though different from each other, and varying in the punishment authorized to be inflicted for their perpetration, may be included in the same indictment, and the accused tried upon the several charges at the same time, provided that the offenses be of the same character, and differ only in degree; as, for instance, the forgery of an instrument, and altering and publishing it, knowing it to be false. In misdemeanors the joinder of several offenses will not, in general, vitiate the prosecution in any stage. For, in offenses inferior to felony, the practice of quashing the indictment, or calling upon the prosecution to elect upon which charge he will proceed, is rarely exercised. On the contrary, it is the constant practice to receive evidence of several libels and assaults upon the same indictment." See the case of

*Waddell* v. *The State*, also the case of *Weathersby* v. *The State*, both decided during the present term of this court, and the authorities there cited on the same point. The court confined the jury, in its findings, to the 1st count in the indictment.

We find no error in the charge of the court. It distinctly and concisely sets forth the law applicable to the facts in the case. The counsel for the defendant did not except to the charge, or ask the court to give any additional instructions. We believe that the evidence conclusively shows that the defendant himself wrote the note which was read in evidence, and signed the name of J. W. Griffin to it; that J. W. Griffin is a fictitious person; that he had no authority from the witness W. C. Griffing to execute the note, and that the note was made without lawful authority.

Mr. Greenleaf says: "If the prisoner, on uttering a forged note made payable to himself, represent the maker as at a particular place, and engaged in a particular business, evidence that it is not that person's note is sufficient *prima facie* proof of the forgery; for the prisoner, being the payee of the note, must have known who was the maker. And if it should appear that there is another person of the same name, but of a different business, it will not be necessary for the prosecutor to show that it was not this person's note. * * * So, where the prisoner obtained money from a person for a check drawn by G. A. upon a certain banking-house, and it appeared that no person of that name kept an account or had funds or credit in that house, this was held sufficient *prima facie* evidence that G. A. was a fictitious person until the prisoner should produce him or give other sufficient explanatory proof to the contrary." 3 Greenl. on Ev., sec. 109.

The representations made by the defendant in regard to the note, at the time he delivered it to the witness Hufham, for his board bill, were shown to be false by the witness

W. C. Griffing.   W. C. Griffing testified that all he knew about the note was that he did not sign it.   He further· stated that he did swap horses with the defendant (who was going by a different name) in Hill county on the day the note is dated, but it was an even swap ; and the evidence· tends to show that the note was written by the defendant at the house of Mrs. Wright, in Hill county.   Taking all the evidence together, we believe that the venue was sufficiently· proved.   On this point see 1 Greenl. on Ev., sec. 112 ; also· the case of *The People* v. *Rathburn,* 21 Wend. 527–541.

The verdict of the jury and the judgment of the court are in accordance with the law and the evidence, and the judg-· ment is, therefore, affirmed.

*Affirmed.*